UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-02230-DMG-SHK | Date: | January 19, 2022 |
| Title: | *Ada Maria Benson v. Hemet Police Department* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):**   FINAL ORDER TO SHOW CAUSE

On November 29, 2021, the Court received Plaintiff Ada Maria Benson's ("Plaintiff") Notice Re: Court Document #15 ("Response"). Electronic Case Filing Number ("ECF No.") 17, Response. Plaintiff's Response appears to address the Court's Order Dismissing First Amended Complaint Without Prejudice and with Leave to Amend ("ODLA") filed on November 9, 2021. ECF No. 15, ODLA. The ODLA required Plaintiff to file a Second Amended Complaint ("SAC") if Plaintiff desired to do so by November 30, 2021. Id. Rather than filing a SAC, Plaintiff claimed in her Response that the District Court lacks jurisdiction over her case because it is pending before the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). See ECF No. 17, Response at 1.

On December 9, 2021, this Court ordered Plaintiff to show cause ("OSC") by December 23, 2021, why the case should not be dismissed for failure to prosecute and follow Court orders. ECF No. 18, OSC. Plaintiff was warned that if Plaintiff failed to timely respond, "the Court may deem such failure as a further violation of a Court order justifying dismissal, and the Court may also deem such a failure as further evidence of a lack of prosecution on Plaintiff's part." Id. at 2. As of the date of this order, Plaintiff has failed to respond or otherwise participate in this litigation.

Here, the Court observes that on September 20, 2021, the Ninth Circuit issued its Order dismissing Plaintiff's appeal for lack of jurisdiction, see ECF No. 14, Order. On December 2, 2021, the Ninth Circuit denied what it construed as a motion for reconsideration filed by Plaintiff, see ECF No. 16, and on December 10, 2021, the Ninth Circuit issued its

formal mandate ("Mandate"), see ECF No. 19. Because the Ninth Circuit has now denied Plaintiff's appeal and dismissed it for lack of jurisdiction, denied Plaintiff's request for reconsideration, and issued its formal Mandate, there can be no doubt that this Court has jurisdiction over Plaintiff's claims. See ECF Nos. 14, 16, 19.

As such, the Court hereby reincorporates its findings, conclusions, and orders from its ODLA, see ECF No. 15, and its OSC, see ECF No. 18, which were issued before the Ninth Circuit's Mandate, and **ORDERS PLAINTIFF, one final time, by January 28, 2022**, **to SHOW CAUSE**, why this case should not be dismissed for failure to prosecute and follow Court orders. Plaintiff can comply with this order by either: (a) advising the Court that Plaintiff no longer wishes to pursue this action; (b) showing good cause in writing why Plaintiff has not filed a SAC; or (c) filing a SAC in accordance with the instructions provided in the ODLA, as reincorporated by reference herein. The Clerk of Court is hereby **DIRECTED** to send Plaintiff a copy of the ODLA and OSC [ECF Nos. 15, 18] with this order.

Plaintiff is warned that failure to timely perform one of the options listed above **will** result in the dismissal of this case for failure to prosecute and follow Court orders.

**IT IS SO ORDERED.**