UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADA MARIA BENSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>HEMET POLICE DEPARTMENT,<br><br>　　　　　　　　Defendant. | Case No. 5:20-cv-02230-DMG-SHK<br><br>**ORDER RE DISMISSAL OF ACTION** |

　　　　For the following reasons, this case is **DISMISSED** without prejudice.

## I.   BACKGROUND

　　　　On October 23, 2020, Plaintiff Ada Maria Benson ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a Complaint ("Complaint" or "Compl.") under 42 U.S.C § 1983 ("§ 1983") against the Hemet Police Department ("Defendant") for alleged violations of her constitutional rights by Defendant when Plaintiff was arrested by, what appears to be, one of Defendant's officers. Electronic Case Filing Number ("ECF No.") 1, Compl. at 6, 9.  On November 30, 2020, the Court issued an Order Dismissing Complaint, Without Prejudice, and With Leave to Amend ("Compl. ODLA").  ECF No. 6, Compl. ODLA.  On December 7, 2020, Plaintiff filed a First Amended Complaint ("FAC").  ECF No. 7,

FAC.

On December 28, 2020, Plaintiff moved to have Defendant held in contempt of Court ("Contempt Motion"). ECF No. 8, Contempt. Mot. On July 27, 2021, Plaintiff filed with this Court what appears to be a brief to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") and a Motion to proceed IFP before the Ninth Circuit. ECF No. 12, Appellant Brief; ECF No. 11, IFP Application.

On September 20, 2020, the United States Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. ECF No. 14, Appeal Dismissal. On November 9, 2021, the Court dismissed the FAC with leave to amend ("FAC ODLA") and ordered Plaintiff to file a Second Amended Complaint ("SAC") by November 30, 2021. ECF No. 15, FAC ODLA. On December 2, 2021, the Ninth Circuit denied what it construed as a motion for reconsideration filed by Plaintiff. See ECF No. 16, Order Denying Reconsideration Motion.

Plaintiff failed to timely file a SAC as ordered, and, instead, filed a response to the ODLA ("ODLA Response") on November 29, 2021, wherein Plaintiff challenged the jurisdiction of this Court due to having filed an appeal with the Ninth Circuit previously. See ECF No. 17, ODLA Response.

On December 9, 2021, the Court issued a "Final Order to Show Cause" ("First Final OSC"), wherein, Plaintiff was "given **one final opportunity** to comply with the Court's ODLA" by December 23, 2021. ECF No. 18, First Final OSC at 1 (emphasis added). Plaintiff was ordered to show cause why the case should not be dismissed by either: (a) "advis[ing] the Court that Plaintiff does not desire to pursue this action"; (b) "show[ing] good cause in writing, if any exists, why Plaintiff has not timely filed with the Court a SAC"; or (c) "filing a SAC fixing the deficiencies consistent with the Court's Order in the SAC if Plaintiff wishes to continue litigating those claims." Id. Plaintiff was warned that "if Plaintiff fail[ed] to move forward with any of the options listed above, the Court may deem such failure as a further violation of a Court order justifying dismissal, and the Court may also deem

such a failure as further evidence of a lack of prosecution on Plaintiff's part." Id. at 2. On December 10, 2021, the Ninth Circuit issued its formal mandate ("Mandate"). See ECF No. 19, Mandate.

On January 19, 2022, the Court issued another "Final Order to Show Cause" ("Final OSC"), in which the Court observed that "because the Ninth Circuit has now denied Plaintiff's appeal and dismissed the same for lack of jurisdiction, denied Plaintiff's request for reconsideration, and issued its formal Mandate, there can be no doubt that this Court has jurisdiction over Plaintiff's claims." ECF No. 20, Final OSC at 2 (citing ECF Nos. 14, 16, 19). As such, the Court "reincorporate[d] its findings, conclusions, and orders from its FAC ODLA, see ECF No. 15, and its [First Final] OSC, see ECF No. 18, which were issued before the Ninth Circuit's Mandate," and ordered Plaintiff "one final time, by January 28, 2022, to show cause, why this case should not be dismissed for failure to prosecute and follow Court orders." Id. (capitalization normalized and emphasis removed).

Plaintiff was instructed that Plaintiff could comply with the order by "either: (a) advising the Court that Plaintiff no longer wishes to pursue this action; (b) showing good cause in writing why Plaintiff has not filed a SAC; or (c) filing a SAC in accordance with the instructions provided in the ODLA, as reincorporated by reference [t]herein." Id. The Clerk of Court was directed to send Plaintiff a copy of the Court's ODLA and First Final OSC and Plaintiff was "warned that failure to timely perform one of the options listed above **will** result in the dismissal of this case for failure to prosecute and follow Court orders." Id. (emphasis in original).

As of the date of this Order, Plaintiff has failed to file a SAC, respond to the Court's Final OSC, or otherwise participate in this litigation.

## II.   LEGAL STANDARD

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest

Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

### III.   DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned in the Final OSC that Plaintiff had "one final opportunity" to comply with the Court's ODLA and that failure to respond to the Final OSC "**will** result in the dismissal of this case for failure to prosecute and follow Court orders[,]" Plaintiff has failed to do so.  ECF No. 20, Final OSC at 2 (emphasis in original).  This failure to prosecute and follow Court orders hinders the Court's

ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has failed to comply with the Court's FAC ODLA, First Final OSC, or Final OSC and Plaintiff has not offered any excuse for her failure to comply with the Court's Final OSC or to respond in a timely manner. Thus, this "prejudice" element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response, Plaintiff has shown she is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action. And, notably, when Plaintiff challenged this Court's jurisdiction, the Court took the added steps of issuing its Final OSC and incorporating by reference its findings and orders from its FAC ODLA and First Final OSC, and allowed Plaintiff additional time to comply with its

Final OSC. Plaintiff, however, failed to timely respond or otherwise participate in this litigation. Thus, the Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, dismissal of this action, without prejudice, is appropriate here.

## IV.  CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice and all pending motions (ECF Nos. 8, 11) are **DENIED** as moot.

DATED: March 22, 2022

DOLLY M. GEE
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge